# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
05/30/2023
CT Log Number 543955333

## Service of Process Transmittal Summary

**TO:**   MAILBOX EMPLOYMENT LAW
KELLY SERVICES, INC.
999 W BIG BEAVER RD
TROY, MI 48084-4716

**RE:**   **Process Served in California**

**FOR:**   Kelly Services Global, LLC  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: YURI FISCHER, an individual, on behalf of himself and on behalf of all persons similarly situated // To: Kelly Services Global, LLC |
| **CASE #:** | 37202300013916CU0ECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/30/2023 at 10:24 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/30/2023, Expected Purge Date: 06/04/2023 |
| | Image SOP |
| | Email Notification,  MAILBOX EMPLOYMENT LAW  employlaw@kellyservices.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-331-2303
CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Tue, May 30, 2023
**Server Name:**                        COUNTY LEGAL

| Entity Served | KELLY SERVICES GLOBAL, LLC |
|---|---|
| Case Number | 37-2023-00013916 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KELLY SERVICES GLOBAL, LLC, a Limited Liability Company; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YURI FISCHER, an individual, on behalf of himself and on behalf of all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/04/2023** at 04:24:10 PM
Clerk of the Superior Court
By Bernabe Montijo, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO Central 330 W. Broadway, San Diego, CA 92101 | CASE NUMBER: 37-2023-00013916-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)                                    Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP                 Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: **04/05/2023**                        Clerk, by _B. Montijo_                        , Deputy
*(Fecha)*                                      *(Secretario)*                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  KELLY SERVICES GLOBAL, LLC

under: ☒ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

1 | **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2 | Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
3 | Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
4 | 2255 Calle Clara
La Jolla, CA 92037
5 | Telephone: (858)551-1223
Facsimile: (858) 551-1232
6 | Website: www.bamlawca.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/04/2023** at 04:24:10 PM

Clerk of the Superior Court
By Bernabe Montijo,Deputy Clerk

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| YURI FISCHER, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No. 37-2023-00013916-CU-OE-CTL |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.* |
| vs. | |
| KELLY SERVICES GLOBAL, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, | **DEMAND FOR A JURY TRIAL** |
| Defendants. | |

1

1  Plaintiff Yuri Fischer ("PLAINTIFF"), an individual, on behalf of himself and all other
2  similarly situated current and former employees alleges on information and belief, except for
3  his own acts and knowledge which are based on personal knowledge, the following:

4

5  **THE PARTIES**

6  1.  Defendant Kelly Services Global, LLC ("DEFENDANT") is a limited liability
7  company that at all relevant times mentioned herein conducted and continues to conduct
8  substantial business in the state of California.

9  2.  DEFENDANT provides management solutions offering staffing services to top
10  companies across a variety of industries.

11  3.  PLAINTIFF was employed by DEFENDANT in California from June of 2021 to
12  June of 2022 and was at all times classified by DEFENDANT as a non-exempt employee, paid
13  on an hourly basis, and entitled to the legally required meal and rest periods and payment of
14  minimum and overtime wages due for all time worked.

15  4.  PLAINTIFF brings this Class Action on behalf of himself and a California class,
16  defined as all individuals who are or previously were employed by DEFENDANT in California,
17  and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the
18  period beginning four (4) years prior to the filing of this Complaint and ending on the date as
19  determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy
20  for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars
21  ($5,000,000.00).

22  5.  PLAINTIFF brings this Class Action on behalf of himself and a
23  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their
24  losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's
25  policy and practice which failed to lawfully compensate these employees. DEFENDANT's
26  policy and practice alleged herein was an unlawful, unfair and deceptive business practice
27  whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the
28  other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the

1  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

2  future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

3  CLASS who have been economically injured by DEFENDANT's past and current unlawful

4  conduct, and all other appropriate equitable relief.

5      6.    The true names and capacities, whether individual, corporate, subsidiary,

6  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

7  presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious

8  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

9  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

10  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

11  and belief alleges, that the Defendants named in this Complaint, including DOES 1 through

12  50, inclusive, are responsible in some manner for one or more of the events and happenings

13  that proximately caused the injuries and damages hereinafter alleged.

14      7.    The agents, servants and/or employees of the Defendants and each of them

15  acting on behalf of the Defendants acted within the course and scope of his, her or its

16  authority as the agent, servant and/or employee of the Defendants, and personally

17  participated in the conduct alleged herein on behalf of the Defendants with respect to the

18  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

19  the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

20  the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

21  of the conduct of the Defendants' agents, servants and/or employees.

22

23                          **THE CONDUCT**

24      8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

25  was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time

26  worked, meaning the time during which an employee is subject to the control of an

27  employer, including all the time the employee is suffered or permitted to work.

28  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

1  paying them for all the time they are under DEFENDANT's control. Among other things,

2  DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

3  be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by

4  work assignments while clocked out for what should have been PLAINTIFF's off-duty meal

5  break. DEFENDANT, as a matter of established company policy and procedure,

6  administers a uniform practice of rounding the actual time worked and recorded by

7  PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT,

8  so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS

9  Members are paid less than they would have been paid had they been paid for actual

10  recorded time rather than "rounded" time. Additionally, DEFENDANT engages in the

11  practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off

12  the clock in that DEFENDANT, as a condition of employment, required these employees to

13  submit to mandatory temperature checks and symptom questionnaires for COVID-19

14  screening prior to clocking into DEFENDANT's timekeeping system for the workday. As a

15  result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage,

16  overtime wage compensation, and off-duty meal breaks by working without their time being

17  correctly recorded and without compensation at the applicable rates. DEFENDANT's policy

18  and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time

19  worked, is evidenced by DEFENDANT's business records.

20    9.    State and federal law provides that employees must be paid overtime and meal

21  and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF

22  and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive

23  pay that is tied to specific elements of an employee's performance.

24    10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

25  Members' compensation is DEFENDANT's non-discretionary incentive program that paid

26  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

27  performance for DEFENDANT. The non-discretionary incentive program provided all

28  employees paid on an hourly basis with incentive compensation when the employees met the

4

1   various performance goals set by DEFENDANT. However, when calculating the regular

2   rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

3   other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive

4   compensation as part of the employees' "regular rate of pay" for purposes of calculating

5   overtime pay and meal and rest break premium pay. Management and supervisors described

6   the incentive program to potential and new employees as part of the compensation package.

7   As a matter of law, the incentive compensation received by PLAINTIFF and other

8   CALIFORNIA CLASS Members must be included in the "regular rate of pay."` The failure

9   to do so has resulted in a underpayment of overtime compensation and meal and rest break

10  premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11        11.    As a result of their rigorous work schedules, PLAINTIFF and other

12  CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute

13  off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF

14  and other CALIFORNIA CLASS Members were required from time to time to perform

15  work as ordered by DEFENDANT for more than five (5) hours during some shifts without

16  receiving a meal break. Further, DEFENDANT from time to time failed to provide

17  PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for

18  some workdays in which these employees were required by DEFENDANT to work ten (10)

19  hours of work. DEFENDANT also engaged in the practice of rounding the meal period

20  times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members.

21  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks

22  without additional compensation and in accordance with DEFENDANT's corporate policy

23  and practice.

24        12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

25  CALIFORNIA CLASS Members were also required from time to time to work in excess of

26  four (4) hours without being provided ten (10) minute rest periods. Further, these employees

27  were denied their first rest periods of at least ten (10) minutes for some shifts worked of at

28  least two (2) to four (4) hours from time to time, a first and second rest period of at least ten

(10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the

6

1  applicable minimum wage and overtime wage rates. To the extent that the time worked off
2  the clock does not qualify for overtime premium payment, DEFENDANT fails to pay
3  minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,
4  1197, and 1197.1.

5      14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the
6  other members of the CALIFORNIA CLASS with complete and accurate wage statements
7  which failed to show, among other things, the correct gross and net wages earned. Cal. Lab.
8  Code § 226 provides that every employer shall furnish each of his or her employees with an
9  accurate itemized wage statement in writing showing, among other things, gross wages
10  earned and all applicable hourly rates in effect during the pay period and the corresponding
11  amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS
12  Members were paid on an hourly basis. As such, the wage statements should reflect all
13  applicable hourly rates during the pay period and the total hours worked, and the applicable
14  pay period in which the wages were earned pursuant to California Labor Code Section
15  226(a). The wage statements DEFENDANT provided to PLAINTIFF and other
16  CALIFORNIA CLASS Members failed to identify such information. More specifically, the
17  wage statements failed to identify the accurate total hours worked each pay period. When
18  the hours shown on the wage statements were added up, they did not equal the actual total
19  hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Also,
20  DEFENDANT's wage statements were defective as DEFENDANT qualifies as a Temporary
21  Services Employer as defined in Cal. Lab. Code Section 201.3. As such, Defendant was
22  required to comply with Cal. Lab. Code Section 226(a)'s requirement that if the employer is
23  a temporary services employer as defined in Section 201.3, the rate of pay and the total
24  hours worked for each temporary services assignment is required. DEFENDANT failed to
25  list the hours worked and rates of pay for each assignment PLAINTIFF and other
26  CALIFORNIA CLASS Members were placed at. Aside, from the violations listed above in
27  this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement
28  that lists all the requirements under California Labor Code 226 *et seq.* As a result,

DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.     Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.  Cal. Lab. Code § 210 provides:

[I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.     DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.     DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.     Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.     DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and

members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20. As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21. Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22. DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

9

1    duties, or of his or her obedience to the directions of the employer, even though unlawful,
2    unless the employee, at the time of obeying the directions, believed them to be unlawful."

3    23.    In the course of their employment PLAINTIFF and other CALIFORNIA
4    CLASS Members as a business expense, were required by DEFENDANT to use their own
5    personal cellular phones as a result of and in furtherance of their job duties as employees for
6    DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost
7    associated with the use of their personal cellular phones for DEFENDANT's benefit.
8    Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by
9    DEFENDANT to use their personal cellular phones.  As a result, in the course of their
10   employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA
11   CLASS incurred unreimbursed business expenses which included, but were not limited to,
12   costs related to the use of their personal cellular phones all on behalf of and for the benefit
13   of DEFENDANT.

14   24.    In violation of the applicable sections of the California Labor Code and the
15   requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order,
16   DEFENDANT as a matter of company policy, practice and procedure, intentionally,
17   knowingly and systematically failed to provide PLAINTIFF and the other Aggrieved
18   Employees suitable seating when the nature of these employees' work reasonably permitted
19   sitting.

20   25.    DEFENDANT knew or should have known that PLAINTIFF and other
21   Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did
22   not interfere with the performance of their duties, and that DEFENDANT did not provide
23   suitable seating and/or did not allow them to sit when it did not interfere with the
24   performance of their duties.

25   26.    By reason of this conduct applicable to PLAINTIFF and all Aggrieved
26   Employees, DEFENDANT violated California Labor Code Section 1198 and California
27   Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order
28   4-2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on

behalf of PLAINTIFF and other Aggrieved Employees as provided herein. Providing suitable seating is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.     The employment of PLAINTIFF and some CALIFORNIA CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF and the other CALIFORNIA CLASS Members  earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation. Rather than pay vacation wages at the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and other CALIFORNIA CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations. DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which PLAINTIFF and other CALIFORNIA CLASS Members would be paid vacation upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy and procedure to deny paying the PLAINTIFF and other CALIFORNIA CLASS Members all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFF and other CALIFORNIA CLASS Members all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF and other CALIFORNIA CLASS Members

at their base rates of pay, instead of including all of PLAINTIFF's and other CALIFORNIA CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of PLAINTIFF and other CALIFORNIA CLASS Members. DEFENDANT's uniform practice and policy of failing to pay the CALIFORNIA CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

28.     By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

29.     Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties

12

for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

30.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

31.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

32.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

13

33.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

34.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

35.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

36.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

37.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including

14

minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)   Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

38.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

    (c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

    (d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained

15

counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

39. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate

16

exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not

17

parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

40.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

CLASS ACTION COMPLAINT

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

41.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

1  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of

2  similarly situated employees when they have been identified.

3

4                          **FIRST CAUSE OF ACTION**

5                        **For Unlawful Business Practices**

6                   **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

7         **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

8         42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege

9  and incorporate by this reference, as though fully set forth herein, the prior paragraphs of

10  this Complaint.

11        43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

12  Code § 17021.

13        44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL")

14  defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

15  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to

16  unfair competition as follows:

17       Any person who engages, has engaged, or proposes to engage in unfair
         competition may be enjoined in any court of competent jurisdiction. The court
18       may make such orders or judgments, including the appointment of a receiver,
         as may be necessary to prevent the use or employment by any person of any
19       practice which constitutes unfair competition, as defined in this chapter, or as
         may be necessary to restore to any person in interest any money or property,
20       real or personal, which may have been acquired by means of such unfair
         competition.
21
    Cal. Bus. & Prof. Code § 17203.
22
          45.    By the conduct alleged herein, DEFENDANT has engaged and continues to
23
    engage in a business practice which violates California law, including but not limited to, the
24
    applicable Industrial Wage Order(s), the California Code of Regulations and the California
25
    Labor Code including Sections 204, 210, 221, 226.7, 227.3, 246, 510, 512, 1194, 1197,
26
    1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated
27
    thereunder, for which this Court should issue declaratory and other equitable relief pursuant
28

                                        20

1   to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct

2   held to constitute unfair competition, including restitution of wages wrongfully withheld.

3       46.     By the conduct alleged herein, DEFENDANT's practices were unlawful and

4   unfair in that these practices violate public policy, were immoral, unethical, oppressive,

5   unscrupulous or substantially injurious to employees, and were without valid justification or

6   utility for which this Court should issue equitable and injunctive relief pursuant to Section

7   17203 of the California Business & Professions Code, including restitution of wages

8   wrongfully withheld.

9       47.     By the conduct alleged herein, DEFENDANT's practices were deceptive and

10  fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

11  meal and rest periods, the required amount of compensation for missed meal and rest

12  periods and overtime and minimum wages owed, failed to timely pay wages, and failed to

13  reimburse all necessary business expenses incurred, and failed to provide Fair Labor

14  Standards Act overtime wages due for overtime worked as a result of failing to include non-

15  discretionary incentive compensation into their regular rates of pay for purposes of

16  computing the proper overtime pay due to a business practice that cannot be justified,

17  pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

18  in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue

19  injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

20  restitution of wages wrongfully withheld.

21      48.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,

22  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and

23  the other members of the CALIFORNIA CLASS to be underpaid during their employment

24  with DEFENDANT.

25      49.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,

26  unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to

27  provide all legally required meal breaks to PLAINTIFF and the other members of the

28  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

21

50.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

52.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

53.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

54.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful,

1  unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

2  from engaging in any unlawful and unfair business practices in the future.

3      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

4  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

5  practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

6  unabated.  As a result of the unlawful and unfair business practices described herein,

7  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

8  continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

9  from continuing to engage in these unlawful and unfair business practices.

10

11                                    **PRAYER FOR RELIEF**

12      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

13  severally, as follows:

14  1.    On behalf of the CALIFORNIA CLASS:

15      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

16            CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

17      B)    An order temporarily, preliminarily and permanently enjoining and restraining

18            DEFENDANT from engaging in similar unlawful conduct as set forth herein;

19      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

20            withheld from compensation due to PLAINTIFF and the other members of the

21            CALIFORNIA CLASS; and,

22      D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

23            for restitution of the sums incidental to DEFENDANT's violations due to

24            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

25

26  2.    On all claims:

27      A)    An award of interest, including prejudgment interest at the legal rate;

28      B)    Such other and further relief as the Court deems just and equitable; and,

                                          23

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: April 4, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By:   /s/ Nicholas De Blouw
      Nicholas J. De Blouw
      Attorneys for Plaintiff

24

CLASS ACTION COMPLAINT

## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: April 4, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: _____/s/ Nicholas De Blouw_____
        Nicholas J. De Blouw
        Attorneys for Plaintiff

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>—Norman Blumenthal   (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Yuri Fischer | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/04/2023** at 04:24:10 PM<br><br>Clerk of the Superior Court<br>By Bernabe Montijo, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

CASE NAME:
YURI FISCHER v. KELLY SERVICES GLOBAL, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2023-00013916-CU-OE-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Timothy Taylor<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>   condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>   above listed provisionally complex case<br>   types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2023

Nicholas J. De Blouw         ▶  /s/ Nicholas De Blouw
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:         330 W Broadway | |
| MAILING ADDRESS:      330 W Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101-3827 | |
| DIVISION:                  Central | |
| TELEPHONE NUMBER:  (619) 450-7072 | |

| PLAINTIFF(S) / PETITIONER(S):    Yuri Fischer |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Kelly Services Global LLC |
|---|

| FISCHER VS KELLY SERVICES GLOBAL LLC [EFILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00013916-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Timothy Taylor                                                 Department: C-72

**COMPLAINT/PETITION FILED:** 04/04/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/29/2023 | 09:15 am | C-72 | Timothy Taylor |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00013916-CU-OE-CTL    CASE TITLE: Fischer vs Kelly Services Global LLC [EFILE]

<u>**NOTICE**</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _**and**_
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### <u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### <u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a ·point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:       330 West Broadway
MAILING ADDRESS:      330 West Broadway
CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827
BRANCH NAME:          Central

PLAINTIFF(S):   Yuri Fischer

DEFENDANT(S): Kelly Services Global LLC

SHORT TITLE:   FISCHER VS KELLY SERVICES GLOBAL LLC [EFILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00013916-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                                    Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                            Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/05/2023                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)       **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**       Page: 1