# EXHIBIT B

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/04/2023** at 04:24:10 PM

Clerk of the Superior Court
By Bernabe Montijo, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| YURI FISCHER, an individual, on behalf of himself and on behalf of all persons similarly situated, | Case No. 37-2023-00013916-CU-OE-CTL |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiff, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.* |
| vs. | |
| KELLY SERVICES GLOBAL, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, | **DEMAND FOR A JURY TRIAL** |
| Defendants. | |

1

Plaintiff Yuri Fischer ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant Kelly Services Global, LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    DEFENDANT provides management solutions offering staffing services to top companies across a variety of industries.

3.    PLAINTIFF was employed by DEFENDANT in California from June of 2021 to June of 2022 and was  at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.    PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees.  DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the

2

CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **THE CONDUCT**

8.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

CLASS ACTION COMPLAINT

1  paying them for all the time they are under DEFENDANT's control.  Among other things,

2  DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

3  be PLAINTIFF's off-duty meal break.  PLAINTIFF was from time to time interrupted by

4  work assignments while clocked out for what should have been PLAINTIFF's off-duty meal

5  break.  DEFENDANT, as a matter of established company policy and procedure,

6  administers a uniform practice of rounding the actual time worked and recorded by

7  PLAINTIFF and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT,

8  so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS

9  Members are paid less than they would have been paid had they been paid for actual

10  recorded time rather than "rounded" time.  Additionally,  DEFENDANT engages in the

11  practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off

12  the clock in that DEFENDANT, as a condition of employment, required these employees to

13  submit to mandatory temperature checks and symptom questionnaires for COVID-19

14  screening prior to clocking into DEFENDANT's timekeeping system for the workday.   As a

15  result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage,

16  overtime wage compensation, and off-duty meal breaks by working without their time being

17  correctly recorded and without compensation at the applicable rates.  DEFENDANT's policy

18  and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time

19  worked, is evidenced by DEFENDANT's business records.

20       9.       State and federal law provides that employees must be paid overtime and meal

21  and rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF

22  and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive

23  pay that is tied to specific elements of an employee's performance.

24       10.      The second component of PLAINTIFF's and other CALIFORNIA CLASS

25  Members' compensation is DEFENDANT's non-discretionary incentive program that paid

26  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

27  performance for DEFENDANT.  The non-discretionary incentive program provided all

28  employees paid on an hourly basis with incentive compensation when the employees met the

1  various performance goals set by DEFENDANT.  However, when calculating the regular

2  rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

3  other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive

4  compensation as part of the employees' "regular rate of pay" for purposes of calculating

5  overtime pay and meal and rest break premium pay.  Management and supervisors described

6  the incentive program to potential and new employees as part of the compensation package.

7  As a matter of law, the incentive compensation received by PLAINTIFF and other

8  CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure

9  to do so has resulted in a underpayment of overtime compensation and meal and rest break

10  premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11      11.    As a result of their rigorous work schedules, PLAINTIFF and other

12  CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute

13  off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF

14  and other CALIFORNIA CLASS Members were required from time to time to perform

15  work as ordered by DEFENDANT for more than five (5) hours during some shifts without

16  receiving a meal break.  Further, DEFENDANT from time to time failed to provide

17  PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for

18  some workdays in which these employees were required by DEFENDANT to work ten (10)

19  hours of work.  DEFENDANT also engaged in the practice of rounding the meal period

20  times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members.

21  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks

22  without additional compensation and in accordance with DEFENDANT's corporate policy

23  and practice.

24      12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

25  CALIFORNIA CLASS Members were also required from time to time to work in excess of

26  four (4) hours without being provided ten (10) minute rest periods.  Further, these employees

27  were denied their first rest periods of at least ten (10) minutes for some shifts worked of at

28  least two (2) to four (4) hours from time to time, a first and second rest period of at least ten

5

(10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13. During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the

applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Also, DEFENDANT's wage statements were defective as DEFENDANT qualifies as a Temporary Services Employer as defined in Cal. Lab. Code Section 201.3.  As such, Defendant was required to comply with Cal. Lab. Code Section 226(a)'s requirement that if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment is required. DEFENDANT failed to list the hours worked and rates of pay for each assignment PLAINTIFF and other CALIFORNIA CLASS Members were placed at.   Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,

7

DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.  Cal. Lab. Code § 210 provides:

in    [I]n addition to, and entirely independent and apart from, any other penalty provided this article, every person who fails to pay the wages of each employee as provided in Sections. . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and

members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.     As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.     Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."  DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination.  PLAINTIFF and members of the CALIFORNIA CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.     DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

9

duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.     In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFF and the other Aggrieved Employees suitable seating when the nature of these employees' work reasonably permitted sitting.

25.     DEFENDANT knew or should have known that PLAINTIFF and other Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

26.     By reason of this conduct applicable to PLAINTIFF and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and California Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order 4-2001, Section 14 by failing to provide suitable seats.  PLAINTIFF seeks penalties on

behalf of PLAINTIFF and other Aggrieved Employees as provided herein. Providing suitable seating is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.     The employment of PLAINTIFF and some CALIFORNIA CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law. Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF and the other CALIFORNIA CLASS Members  earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation. Rather than pay vacation wages at the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and other CALIFORNIA CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations. DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which PLAINTIFF and other CALIFORNIA CLASS Members would be paid vacation upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy and procedure to deny paying the PLAINTIFF and other CALIFORNIA CLASS Members all of their vested vacation and holiday time, DEFENDANT failed to pay the PLAINTIFF and other CALIFORNIA CLASS Members all vested vacation time as wages due upon employment termination, in violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly, DEFENDANT underpaid waiting time penalties to PLAINTIFF and other CALIFORNIA CLASS Members

at their base rates of pay, instead of including all of PLAINTIFF's and other CALIFORNIA CLASS Members' non-discretionary compensation into the waiting time penalty calculations. This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for earned, accrued and vested vacation and holiday time, as well as the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of PLAINTIFF and other CALIFORNIA CLASS Members. DEFENDANT's uniform practice and policy of failing to pay the CALIFORNIA CLASS Members for all vested vacation and holiday time accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

28. By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

29. Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties

for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

31.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

32.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

33.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

34.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

35.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

36.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

37.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

        (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including

minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

38.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

    (c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

    (d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained

15

counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

39.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate

16

exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not

17

CLASS ACTION COMPLAINT

1     parties to the adjudication or substantially impair or

2     impede their ability to protect their interests;

3     3)    In the context of wage litigation because a substantial number of

4     individual CALIFORNIA CLASS Members will avoid asserting

5     their legal rights out of fear of retaliation by DEFENDANT,

6     which may adversely affect an individual's job with

7     DEFENDANT or with a subsequent employer, the Class Action

8     is the only means to assert their claims through a representative;

9     and,

10    4)    A class action is superior to other available methods for the fair

11    and efficient adjudication of this litigation because class

12    treatment will obviate the need for unduly and unnecessary

13    duplicative litigation that is likely to result in the absence of

14    certification of this action pursuant to Cal. Code of Civ. Proc. §

15    382.

16    40.    This Court should permit this action to be maintained as a Class Action

17    pursuant to Cal. Code of Civ. Proc. § 382 because:

18    (a)    The questions of law and fact common to the CALIFORNIA CLASS

19    predominate over any question affecting only individual CALIFORNIA

20    CLASS Members because the DEFENDANT's employment practices

21    are applied with respect to the CALIFORNIA CLASS;

22    (b)    A Class Action is superior to any other available method for the fair

23    and efficient adjudication of the claims of the members of the

24    CALIFORNIA CLASS because in the context of employment litigation

25    a substantial number of individual CALIFORNIA CLASS Members

26    will avoid asserting their rights individually out of fear of retaliation or

27    adverse impact on their employment;

28

18

CLASS ACTION COMPLAINT

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

41.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

CLASS ACTION COMPLAINT

PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§  17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

45.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 227.3, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant

to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

46.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

47.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

48.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

49.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

21

50.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.     PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

52.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

53.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

54.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

55.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful,

unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

56.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

23

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: April 4, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:    _/s/ Nicholas De Blouw_
                  Nicholas J. De Blouw
                  Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

Dated: April 4, 2023        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

By:    /s/ Nicholas De Blouw

7

Nicholas J. De Blouw
Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT