UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURI FISCHER, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KELLY SERVICES GLOBAL, LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-1197 JLS (JLB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**<br><br>(ECF No. 20) |

Presently before the Court are Defendant Kelly Services Global, LLC's Motion for Leave to File Supplemental Briefing ("Mot. for Leave," ECF No. 20) and Memorandum of Points and Authorities in Support thereof ("Mem.," ECF No. 20-1). Plaintiff Yuri Fischer filed an Opposition to the Motion for Leave ("Opp'n," ECF No. 22), to which Defendant submitted a Reply ("Reply," ECF No. 23). Defendant seeks to file additional briefing in support of its Motion to Compel Arbitration ("Mot. to Compel," ECF No. 14).

Courts may allow the filing of supplemental briefing where a party "establish[es] good cause to warrant" such briefing. *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F. Supp. 2d 1023, 1027 n.1 (S.D. Cal. 2011). Good cause exists where, for example, the briefing may make a "substantive difference" in the dispute under

consideration. *See Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-CV-294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019).

The Parties agree on the basic outline of the incident that motivated Defendant's Motion for Leave. Plaintiff previously refused to submit his Unfair Competition Law ("UCL") claim to arbitration, prompting Defendant's Motion to Compel. *See* Mem. at 2. The Parties completed briefing relating to that motion on August 31, 2023. *See* Docket. Two weeks later, and much to seemingly both Parties' surprise, Plaintiff served Defendant with a Demand for Arbitration (the "Demand"). *See* Mem. at 2–3; Opp'n at 1. Plaintiff then withdrew the Demand. *See* Mem. at 3; Opp'n at 1.

The Parties part ways, however, over whether the Demand, and the circumstances surrounding it, make a "substantive difference" in the Court's resolution of the Motion to Compel. In Defendant's view, the Demand "expressly concede[d]" that the Arbitration Agreement ("Agreement") at issue in this case covers Plaintiff's UCL claim. Mem. at 3. And that alleged concession matters here, Defendant argues, because Plaintiff previously opposed the Motion to Compel on the grounds that the Agreement "*expressly excludes 'unfair competition claims*.'" *Id.* at 2 (quoting Pl.'s Opp'n to Mot. to Compel at 1, ECF No. 15). In response, Plaintiff contends that Defendant "woefully overstate[s] the import" of the Demand, which Plaintiff characterizes as inadvertently filed, quickly withdrawn, and having no bearing on the Motion to Compel. *See generally* Opp'n.

Here, the Court finds good cause to allow for supplemental briefing. The events involving the Demand occurred after the Parties briefed the Motion to Compel and sufficiently relate to the issues presented therein. The Court clarifies, however, that it expresses no opinion at this time on what impact that the Demand may ultimately have, or not have, on the resolution of the Motion to Compel.

Accordingly, the Court **GRANTS** Defendant's Motion for Leave to File Supplemental Briefing (ECF No. 20). Both Parties **MAY FILE** supplemental briefs, not exceeding ten (10) pages in length, in support of their respective positions regarding the Motion to Compel on or before November 20, 2023. The contents of any supplemental

1  brief filed pursuant to this Order shall be limited to the issues presented by Plaintiff's
2  demand to arbitrate his UCL claim and his subsequent withdrawal thereof.
3  **IT IS SO ORDERED.**
4  Dated: November 6, 2023

Hon. Janis L. Sammartino
United States District Judge